FILED
05/13/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2025

## MAWULE TEPE v. CONNOR MCCARTHY BLAIR ET AL.

**Appeal from the Circuit Court for Bradley County**
**Nos. V-24-291 and V-25-051      Michael E. Jenne, Judge**

_____

**No. E2025-00552-COA-T10B-CV**

_____

Petitioner seeks accelerated review of the denial of his motion to recuse the trial judge in two separate cases. After a de novo review, we affirm.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Mawule Tepe, Cleveland, Tennessee, pro se appellant.[1]

### MEMORANDUM OPINION[2]

### I.

Mawule Tepe initiated two lawsuits in the General Sessions Court for Bradley County. In the first suit, which we dub "National Life Insurance I," Mr. Tepe sought damages from "National Life Insurance Company of the Southwest"[3] and an insurance broker arising from the purchase of two "indexed" universal life insurance policies. After the case was appealed to the circuit court, National Life Insurance was dismissed on summary judgment. Mr. Tepe then filed his second suit, which we dub "National Life

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06. Because we do not request an answer from any other party, Mr. Tepe's "motion to strike and disqualify" several of the defendants is denied as moot.

[2] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

[3] Documentation provided by Mr. Tepe suggests that this may be a combination of the names of two corporate entities: National Life Insurance Company and Life Insurance Company of the Southwest.

Insurance II." As Mr. Tepe concedes, the second suit is, in part, "a collateral attack on the [National Life Insurance I] case."

When the general sessions court dismissed two of the eighteen defendants in National Life Insurance II, Mr. Tepe again appealed to circuit court. The case was assigned to the same circuit court judge who heard National Life Insurance I. The circuit court concluded that it did not have appellate jurisdiction because the general sessions court had not addressed the claims against all defendants, so it remanded the case back to the general sessions court.

Mr. Tepe responded by filing a motion to recuse the circuit court judge in National Life Insurance II, but he requested that the judge recuse in both cases. He alleged that the judge "ha[d] a Personal bias or prejudice against him" and that the judge had "abused his authority" such that the judge's "impartiality might reasonably be questioned."

Mr. Tepe claimed that many of the judge's actions in both cases demonstrated that the judge was "discriminatory, biased and prejudicial against him." In Mr. Tepe's view, defense counsel in National Life Insurance I had made numerous, significant errors in discovery and motion practice. Because the judge had sometimes ruled in National Life Insurance's favor despite these perceived errors, Mr. Tepe felt that the judge "ha[d] substituted himself [as counsel] to Defendant [National Life Insurance], and he ha[d] repeatedly taken the defense of [National Life Insurance] instead of acting as a referee or a Judge." Mr. Tepe alleged that the judge again acted discriminatorily in National Life Insurance II by asking counsel for one of the defendants to research a jurisdictional issue when the judge "should have asked both Parties to present their arguments." He was frustrated that the judge had "admonished" him during the hearing on the matter "for no apparent reasons." Moreover, he felt the judge erred in remanding National Life Insurance II back to the general sessions court.

According to Mr. Tepe, these actions, taken together, "demonstrated that [the judge] ha[d] already made up his mind," thus "den[ying] [Mr.] Tepe the right to be heard." Mr. Tepe hypothesized that the judge may have "discriminate[d] against him because of his pro se stat[us]" or race. Thus, Mr. Tepe requested that the judge "produce his Foreign Registration and Anti-Bribery Statement with Affidavit in Support" as well as "his surety bonds" so that Mr. Tepe could determine whether the judge had "financial [or] non-financial relationship ties with the individual corporate-defendants and their respective counsels."

By separate orders, the court denied the request for recusal in both cases. The judge rejected the notion of having any "personal bias and/or prejudice either in favor of or against [Mr. Tepe]." The judge "d[id] not personally know" Mr. Tepe or any of the defendants or their counsel outside of "being in Court" or "through the legal profession." The judge explained that, contrary to Mr. Tepe's assertions, the court accepted and

2

reviewed research on legal issues from both Mr. Tepe and defense counsel. The court made its decisions after "oral arguments in open Court with [Mr. Tepe] having the opportunity to be heard." The judge explained the rules and rationales underlying the court's decisions. The judge also listed several instances in which the court had ruled in Mr. Tepe's favor.

## II.

In a Tennessee Supreme Court Rule 10B accelerated appeal, our review is limited to the denial of the motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012); *see* TENN. SUP. CT. R. 10B §§ 2.01, 4.04. "[W]e may not review the correctness or merits of the trial court's other rulings." *Duke*, 398 S.W.3d at 668. Thus, we consider only the denial of Mr. Tepe's request for the recusal of the trial judge in both National Life Insurance I and National Life Insurance II.

In Tennessee, litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998) (reasoning that litigants "are entitled to the 'cold neutrality of an impartial court'" (quoting *Leighton v. Henderson*, 414 S.W.2d 419, 421 (Tenn. 1967))); *see also* TENN. CONST. art. VI, § 11. It "goes without saying that a trial before a biased or prejudiced fact finder is a denial of due process." *Wilson v. Wilson*, 987 S.W.2d 555, 562 (Tenn. Ct. App. 1998).

Our courts also recognize that "the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001); *see In re Cameron*, 151 S.W. 64, 76 (Tenn. 1912) (emphasizing the "lasting importance" of public "confidence in the fairness and uprightness of the judges created to serve as dispensers of justice"). So judges should recuse when they have "any doubt as to [their] ability to preside impartially in [a] case." *Davis*, 38 S.W.3d at 564. A judge must also "disqualify . . . in any proceeding in which the judge's impartiality might reasonably be questioned." TENN. SUP. CT. R. 10, Rule 2.11(A). This test is "an objective one." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008). It requires recusal "when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis*, 38 S.W.3d at 564-65 (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). On appeal, the denial of a motion to recuse is reviewed de novo. TENN. SUP. CT. R. 10B § 2.01.

Many of Mr. Tepe's arguments for recusal focus on his contention that the trial judge erred in several rulings against him or in favor of another party. But a "trial judge's adverse rulings are not usually sufficient to establish bias." *Cannon*, 254 S.W.3d at 308. So "the mere fact that a judge has ruled adversely to a party or witness is not grounds for recusal." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908,

at *4 (Tenn. Ct. App. Feb. 11, 2014). A trial judge's rulings, "even if erroneous, numerous and continuous, do not, without more, justify [the judge's] disqualification." *Alley*, 882 S.W.2d at 821. "If the rule were otherwise, recusal would be required as a matter of course since . . . courts necessarily rule against parties and witnesses in every case.'" *Davis*, 38 S.W.3d at 565.

Mr. Tepe also complains that the judge demonstrated bias through comments made in open court. In particular, he takes issue with the judge "admonish[ing] him for no apparent reasons." The record demonstrates that the judge "admonished Mr. Tepe that, should this Court receive evidence of his filing duplicative claims against the same defendants or otherwise violating Tenn. R. Civ. P. 11, the Court w[ould] entertain properly pled motions for sanctions and consider any and all available sanctions." But such remarks by a judge "during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *McKenzie*, 2014 WL 575908, at *4 (quoting *United States v. Adams,* 722 F.3d 788, 837 (6th Cir. 2013)). This is because a judge's opinions based on events that occur during a case "do not establish the objective personal bias that would prevent a fair assessment of the merits of the case." *Id.* at *5. Nor does the record here establish that the judge made any comments that would support Mr. Tepe's hypotheses that the judge might have discriminated against him based on his race or pro se status. *See Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *4 (Tenn. Ct. App. July 9, 2021) (explaining that the party moving for recusal has the burden of proof).

Mr. Tepe complains that he was a "victim of [an] unfair court's process depriving him of his due process rights." Due process of law is guaranteed by both the United States and Tennessee Constitutions. *See* U.S. CONST. amend. XIV, § 1; TENN. CONST. art. I, § 8. It requires that litigants be given "notice and an opportunity to be heard" at a meaningful time and in a meaningful manner. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950); *In re Walwyn*, 531 S.W.3d 131, 138 (Tenn. 2017). But Mr. Tepe has not shown that he was denied due process. While Mr. Tepe may have preferred that the court had ruled differently, he has failed to carry the burden of proof to justify the judge's recusal.

## III.

We affirm the denial of Mr. Tepe's motion for recusal. The cases are remanded for further proceedings consistent with this opinion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

4